**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| Tara Bruce, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Niagara Credit Solutions, Inc.; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, Plaintiff, Tara Bruce, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), in their illegal efforts to collect a consumer debt.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.      Plaintiff, Tara Bruce ("Plaintiff"), is an adult individual residing in Marshall, Missouri, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.      Defendant, Niagara Credit Solutions, Inc. ("NCS"), is a New York business entity with an address of 420 Lawrence Bell Drive, Suite #2, Williamsville, New York 14221-7820, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.      Does 1-10 (the "Collectors") are individual collectors employed by NCS and whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined

as parties once their identities are disclosed through discovery.

6.     NCS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7.     Plaintiff allegedly incurred a financial obligation in the approximate amount of $11,000.00 (the "Debt") to Commerce Bank (the "Creditor").

8.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9.     The Debt was purchased, assigned or transferred to NCS for collection, or NCS was employed by the Creditor to collect the Debt.

10.     Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. NCS Engages in Harassment and Abusive Tactics

11.     Within the last year, NCS placed numerous calls to Plaintiff's place of employment in an attempt to collect the Debt.

12.     During the initial communication and during each communication thereafter, Plaintiff requested that NCS cease all calls to her workplace and send her a written correspondence concerning the Debt.

13.     Despite having been instructed to cease calls to Plaintiff's place of employment, Defendants contacted Plaintiff at her work on at least 10 occasions.

14.     Moreover, Defendants threatened to garnish Plaintiff's wages if she failed to pay the Debt. The foregoing is a false and misleading collection effort, since Defendants had no present legal ability to affect an immediate garnishment without first providing Plaintiff with the

proper notices as required by law.

15.    Furthermore, Defendants failed to inform Plaintiff of her rights under the state and federal laws by written correspondence within 5 days after the initial communication, including the right to dispute the Debt.

## C. Plaintiff Suffered Actual Damages

16.    Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

17.    As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

18.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.    Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted Plaintiff at his place of employment, knowing that Plaintiff's employer prohibited such communications.

20.    Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than Plaintiff, Plaintiff's attorney, or a credit bureau.

21.    Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

22.    Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations, with the intent to

3

annoy and harass.

23.     Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

24.     Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened Plaintiff with garnishment if the Debt was not paid.

25.     Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

26.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

27.     Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

28.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29.     Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendants as follows:

1.   Against the named Defendants, jointly and severally, awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.   Against each of the named Defendants, awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.   Against the named Defendants, jointly and severally, awarding Plaintiff

4

recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

   4.   Against the named Defendants, jointly and severally, awarding Plaintiff punitive damages in such amount as is found appropriate; and

   5.   Granting Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 23, 2013

                              Respectfully submitted,

                              By _____
                              Sergei Lemberg, Esq. (SL 6331)
                              LEMBERG & ASSOCIATES L.L.C.
                              300 International Drive, Suite 100
                              Williamsville, NY 14221
                              Telephone: (203) 653-2250
                              Facsimile:  (203) 653-3424
                              Attorneys for Plaintiff