UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TARA BRUCE,

                Plaintiff,

                                       COURT FILE NO.: 1:13-cv-00972-RJA

v.

NIAGARA CREDIT SOLUTIONS, INC.

                DEFENDANT.

---

## ANSWER OF NIAGARA CREDIT SOLUTIONS, INC.

DEFENDANT Niagara Credit Solutions, Inc. ("NCS" or "Defendant") as and for its Answer to the Complaint of TARA BRUCE ("Plaintiff"), in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

### JURISDICTION

1. In response to paragraph one of Plaintiff's Complaint, Defendant admits that Plaintiff has brought the instant action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, but denies that it violated any laws or is liable for any damages.

2. In response to paragraph two of Plaintiff's Complaint, Defendant admits that venue is proper in this District; Defendant is without knowledge or information sufficient to form a belief as to the additional allegations contained in paragraph two and therefore deny the same.

## PARTIES

3. On information and belief, Defendant admits Plaintiff is a natural person, but lacks sufficient information and knowledge to either admit or deny the remaining allegations set forth in paragraph three of Plaintiff's Complaint and therefore denies the same.

4. Defendant admits the allegations in paragraph four of Plaintiff's Complaint, except that it lacks sufficient information and knowledge to either admit or deny that Defendant is a "collection agency" or a "debt collector" as defined by the FDCPA for the purposes of this action and therefore deny the same.

5. Defendant lacks information and knowledge sufficient to form a belief or to either admit or deny the allegations set forth in paragraph five of Plaintiff's Complaint and therefore denies the same.

6. Defendant lacks information and knowledge sufficient to form a belief or to either admit or deny the allegations set forth in paragraph six of Plaintiff's Complaint and therefore denies the same.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

7. Defendant lacks information and knowledge sufficient to form a belief or to either admit or deny the allegations set forth in paragraph seven of Plaintiff's Complaint and therefore denies the same.

8. Defendant lacks information and knowledge sufficient to form a belief or to either admit or deny the allegations set forth in paragraph eight of Plaintiff's Complaint and therefore denies the same.

9. Defendant lacks information and knowledge sufficient to form a belief or to either admit or deny the allegations set forth in paragraph nine of Plaintiff's Complaint and therefore denies the same.

10. Defendant lacks information and knowledge sufficient to form a belief or to either admit or deny the allegations set forth in paragraph ten of Plaintiff's Complaint and therefore denies the same.

11. Defendant lacks information and knowledge sufficient to form a belief or to either admit or deny the allegations set forth in paragraph eleven of Plaintiff's Complaint and therefore denies the same.

12. Defendant denies the allegations set forth in paragraph twelve of Plaintiff's Complaint.

13. Defendant denies the allegations set forth in paragraph thirteen of Plaintiff's Complaint.

14. Defendant denies the allegations set forth in paragraph fourteen of Plaintiff's Complaint.

15. Defendant denies the allegations set forth in paragraph fifteen of Plaintiff's Complaint.

16. Defendant lacks information and knowledge sufficient to form a belief or to either admit or deny the allegations set forth in paragraph sixteen of Plaintiff's Complaint and therefore denies the same.

.

17. Defendant lacks information and knowledge sufficient to form a belief or to either admit or deny the allegations set forth in paragraph seventeen of Plaintiff's Complaint and therefore denies the same.

## COUNT I

## VIOLATION OF THE FDCPA – 15 U.S.C. §1692 et seq.

18. Defendant incorporates its responses to paragraphs 1 – 17 of Plaintiff's complaint as if fully set forth at length herein.

19. Defendant lacks information and knowledge sufficient to form a belief or to either admit or deny the allegations set forth in paragraph nineteen of Plaintiff's Complaint and therefore denies the same.

20. Defendant denies the allegations set forth in paragraph twenty of Plaintiff's Complaint.

21. Defendant denies the allegations set forth in paragraph twenty-one of Plaintiff's Complaint.

22. Defendant denies the allegations set forth in paragraph twenty-two of Plaintiff's Complaint.

23. Defendant denies the allegations set forth in paragraph twenty-three of Plaintiff's Complaint.

24  Defendant denies the allegations set forth in paragraph twenty-four of Plaintiff's Complaint.

25. Defendant denies the allegations set forth in paragraph twenty-five of Plaintiff's Complaint.

26. Defendant denies the allegations set forth in paragraph twenty-six of Plaintiff's Complaint.

27. Defendant denies the allegations set forth in paragraph twenty-seven of Plaintiff's Complaint.

28. Defendant denies the allegations set forth in paragraph twenty-eight of Plaintiff's Complaint.

29. Defendant denies the allegations set forth in paragraph twenty-nine of Plaintiff's Complaint.

WHEREFORE, Defendant denies Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Defendant denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability or claim of damages against Defendant.

### THIRD DEFENSE

Any violation of the FDCPA, which Defendant denies, was not intentional and resulted, if at all, from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

## FOURTH DEFENSE

Plaintiff has suffered no damages as a result of any acts or omissions of Defendant.

## FIFTH DEFENSE

Plaintiff failed, in whole or in part, to mitigate Plaintiff's damages despite having the means to do so.

## SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations and or doctrine of laches.

**WHEREFORE,** DEFENDANT prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against Defendant with prejudice and on the merits; and,

2. Awarding Defendant such other and further relief as the Court deems just and equitable.

| | |
|---|---|
| s/ Paul F. Labaki, | s/ David G. Peltan |
| Paul F. Labaki, Esq. | David G. Peltan, Esq. |
| Attorney for Defendant | Attorney for Defendant |
| Peltan Law, PLLC | Peltan Law, PLLC |
| 1207 Delaware Avenue, Suite 206 | 128 Church Street |
| Buffalo, NY 14209 | East Aurora, NY |
| 14052(716) 445-0427 | (716) 374-5431 |
| paullabaki@peltanlaw.com | davidpeltan@peltanlaw.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2014 I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

Plaintiff, Tara Bruce via Plaintiff's counsel of record –

Sergei Lemberg, Esq.

and, I hereby certify that, to the best of my knowledge and information, there are no other participants on this case requiring service by any means.

| | |
|---|---|
| s/ Paul F. Labaki, | s/ David G. Peltan |
| Paul F. Labaki, Esq. | David G. Peltan, Esq. |
| Attorney for Defendant | Attorney for Defendant |
| Peltan Law, PLLC | Peltan Law, PLLC |
| 1207 Delaware Avenue, Suite 206 | 128 Church Street |
| Buffalo, NY 14209 | East Aurora, NY |
| 14052(716) 445-0427 | (716) 374-5431 |
| paullabaki@peltanlaw.com | davidpeltan@peltanlaw.com |